Matter of Hughes v New York City Fire Dept. (2025 NY Slip Op 07007)

Matter of Hughes v New York City Fire Dept.

2025 NY Slip Op 07007

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-01225
 (Index No. 532524/22)

[*1]In the Matter of Christopher Hughes, respondent,
vNew York City Fire Department, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Jesse A. Townsend, Geoffrey E. Curfman, and Ingrid R. Gustafson of counsel), for appellants.
Christina Martinez, Staten Island, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Reasonable Accommodation Appeals Panel dated July 11, 2022, which upheld a determination of the New York City Fire Department dated December 8, 2021, denying the petitioner's request for a reasonable accommodation from a vaccine mandate based on his religion, the New York City Fire Department and the City of New York appeal from a judgment of the Supreme Court, Kings County (Joy F. Campanelli, J), dated October 18, 2023. The judgment granted the petition, in effect, annulled the determination dated July 11, 2022, directed the New York City Fire Department and the City of New York to reinstate the petitioner to his position as a firefighter with a reasonable accommodation from the vaccine mandate and back pay, and directed that the petitioner was entitled to an award of attorneys' fees.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner was a firefighter with the New York City Fire Department (hereinafter the FDNY). By order dated October 20, 2021, the New York City Commissioner of Health and Mental Hygiene issued a mandate requiring all City employees, among others, to submit proof that they had received at least one dose of a COVID-19 vaccine by October 29, 2021 (hereinafter the vaccine mandate). On November 1, 2021, the petitioner was placed on leave, without pay, since he failed to submit proof of vaccination or request a reasonable accommodation by the specified deadline. On November 5, 2021, the petitioner submitted a request to the FDNY's Equal Employment Opportunity Office for a reasonable accommodation from the vaccine mandate based on his religion, which was denied on December 8, 2021. The petitioner then appealed to the City of New York Reasonable Accommodation Appeals Panel (hereinafter the Panel). In a determination dated July 11, 2022, the Panel upheld the FDNY's denial of the petitioner's request for a reasonable accommodation. The FDNY then terminated the petitioner's employment on July 27, 2022.
In November 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 against the FDNY and the City (hereinafter together the appellants) to annul the Panel's determination, to be reinstated to his position, for back pay, and for an award of attorneys' fees. In [*2]a judgment dated October 18, 2023, the Supreme Court granted the petition, in effect, annulled the Panel's determination, directed the appellants to reinstate the petitioner to his position as a firefighter with a reasonable accommodation from the vaccine mandate and back pay, and directed that the petitioner was entitled to an award of attorneys' fees. This appeal ensued.
"In a CPLR article 78 proceeding to review a determination of an administrative agency made without an evidentiary hearing, the standard of review is whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Achille v Laveman, 224 AD3d 744, 746 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 191).
Here, the petitioner failed to demonstrate that the Panel's determination to deny him a religious exemption from the vaccine mandate was arbitrary and capricious (see Matter of Smith v New York City Fire Dept., 239 AD3d 870; Matter of Marstellar v City of New York, 217 AD3d 543, 545). "It is not dispositive that the . . . Panel's determination did not set forth any reasoning; a member of the Panel clarified the basis for the determination in an affirmation submitted in [this] proceeding" (Matter of Lee v City of New York, 221 AD3d 505, 506; see Matter of Marstellar v City of New York, 217 AD3d at 544).
Further, pursuant to the New York City Human Rights Law (NYCHRL), it is "an unlawful discriminatory practice" for an employer "to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation" for, among other possibilities, "religious needs" (Administrative Code of the City of NY § 8-107[28][a][1]). Here, the petitioner failed to demonstrate that the appellants' process for resolving requests for a reasonable accommodation from the vaccine mandate did not meet the requirements of the NYCHRL regarding cooperative dialogue (see Matter of Smith v New York City Fire Dept., 239 AD3d at 872; Matter of Marstellar v City of New York, 217 AD3d at 545). The appellants provided information on the process for reviewing accommodation requests related to the vaccine mandate and informed employees on how to appeal request denials. The record demonstrates that the petitioner availed himself of this process. Moreover, the record shows that there were multiple communications between the petitioner, the FDNY, and the Panel regarding the petitioner's request. The petitioner "failed to establish that, under the unique circumstances present at the time of the vaccine mandate, the NYCHRL required a more robust or individual dialogue" (Matter of Smith v New York City Fire Dept., 239 AD3d at 872).
Since the Panel's determination was not arbitrary and capricious or affected by an error of law, there is no basis to award back pay or court costs as incidental damages (see CPLR 7806; Matter of Rysiejko v City of New York, 232 AD3d 432, 433).
Furthermore, the Supreme Court erred in directing that the petitioner was entitled to an award of attorneys' fees, which was not authorized by agreement between the parties, by statute, or by court rule (see Matter of Smith v New York City Fire Dept., 239 AD3d at 873; Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774).
The petitioner's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court erred, inter alia, in granting the petition and, in effect, annulling the Panel's determination, and the judgment must be reversed.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court