Matter of Schimenti v City of New York (2026 NY Slip Op 00137)

Matter of Schimenti v City of New York

2026 NY Slip Op 00137

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-00560 
2023-01364
 (Index No. 85075/22)

[*1]In the Matter of Frank Schimenti, respondent,
vCity of New York, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Jesse A. Townsend, Ingrid R. Gustafson, and Geoffrey E. Curfman of counsel), for appellants.
Christina Martinez, Staten Island, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Reasonable Accommodation Appeals Panel dated December 6, 2021, which upheld a determination of the New York City Department of Buildings dated November 4, 2021, denying the petitioner's request for a religious exemption from a COVID-19 vaccine mandate, the City of New York and the New York City Department of Buildings appeal from (1) an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated December 14, 2022, and (2) a judgment of the same court dated January 23, 2023. The order, inter alia, directed that the petition be granted, that the New York City Department of Buildings reinstate the petitioner to his employment position, with back pay and a religious exemption from the COVID-19 vaccine mandate, and that the petitioner be awarded attorneys' fees. The judgment, among other things, granted the petition, annulled the determination dated December 6, 2021, and awarded the petitioner the sum of $185,778.72 in back pay and the sum of $34,834.62 in attorneys' fees.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding the petitioner the sum of $34,834.62 in attorneys' fees; as so modified, the judgment is affirmed, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and any possibility from taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The petitioner was an assistant chief plan examiner and project advocate for the New [*2]York City Department of Buildings (hereinafter DOB). On October 20, 2021, the New York City Commissioner of Health and Mental Hygiene issued a mandate requiring all City employees to submit proof that they had received at least one dose of the COVID-19 vaccine by October 29, 2021 (hereinafter the vaccine mandate). On October 28, 2021, the petitioner submitted an application to the DOB's Equal Employment Opportunity Office for a religious exemption from the vaccine mandate, which was denied on November 4, 2021. The petitioner then appealed to the City of New York Reasonable Accommodation Appeals Panel (hereinafter the Citywide Panel). In a determination dated December 6, 2021, the Citywide Panel upheld the DOB's denial of the petitioner's application for a religious exemption. The petitioner sought reconsideration of the Citywide Panel's determination, which was subsequently denied. The DOB then terminated the petitioner's employment on February 11, 2022.
In March 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 against the DOB and the City (hereinafter together the City respondents), among other things, to review the determination dated December 6, 2021, and for an award of attorneys' fees. In an order dated December 14, 2022, the Supreme Court, inter alia, directed that the petition be granted, that the DOB reinstate the petitioner to his employment position, with back pay and a religious exemption from the vaccine mandate, and that the petitioner be awarded attorneys' fees. In a judgment dated January 23, 2023, the court, among other things, granted the petition, annulled the determination dated December 6, 2021, directed that the petitioner was entitled to a religious exemption from the vaccine mandate, and awarded the petitioner the sum of $185,778.72 in back pay and the sum of $34,834.62 in attorneys' fees. This appeal ensued.
"In a CPLR article 78 proceeding to review a determination of an administrative agency made without an evidentiary hearing, the standard of review is whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Achille v Laveman, 224 AD3d 744, 746 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 191).
Pursuant to the New York City Human Rights Law, it is "an unlawful discriminatory practice" for an employer "to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion . . . , and the employer shall make reasonable accommodation to the religious needs of such person" (Administrative Code of City of NY § 8-107[3][a]). A reasonable accommodation "shall mean such accommodation to an employee's . . . religious observance or practice as shall not cause undue hardship in the conduct of the employer's business. The employer shall have the burden of proof to show such hardship" (id. § 8-107[3][b]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 835). Factors to consider in determining whether an accommodation constitutes an undue economic hardship include, but are not limited to, inter alia, loss of productivity of employees (see Administrative Code § 8-107[3][b][i], [ii], [iii]). An accommodation "shall be considered to constitute an undue hardship . . . if it will result in the inability of an employee who is seeking a religious accommodation to perform the essential functions of the position in which the employee is employed" (id. § 8-107[3][b]).
Here, the petitioner requested to work remotely or undergo weekly testing as alternatives to receiving the COVID-19 vaccine due to his religious beliefs. The petitioner submitted, among other things, a letter from the American Institute of Architects, stating that the petitioner worked remotely during the COVID-19 pandemic and was productive, underwent weekly testing once he returned to work in the office, and that his termination of employment had a negative impact on his office due to the need for his local expertise. In opposition, the City respondents did not establish that providing the petitioner with a religious exemption from the vaccine mandate would impose an undue hardship (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 835; cf. Matter of Hughes v New York City Fire Dept., _____ AD3d _____, 2025 NY Slip Op 07007; Walrond v New York City Health & Hosps. Corp., 240 AD3d 933). Thus, the Citywide Panel's determination was arbitrary and capricious or made in violation of lawful procedure (see [*3]CPLR 7803[3]; cf. Matter of Lebowitz v Board of Educ. of the City Sch. Dist. of the City of N.Y., 220 AD3d 537, 537).
However, since an award of attorneys' fees is not authorized by an agreement between the parties, by statute, or by court rule, the Supreme Court improperly awarded attorneys' fees to the petitioner (see Matter of Smith v New York City Fire Dept., 239 AD3d 870; Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774). Pursuant to Administrative Code § 8-502(g), "the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs . . . whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant." Here, the record does not establish this proceeding caused the City respondents to effect a policy change.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court